IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETTA CALHOUN, SHERRY PORTER, CYNTHIA GRAY, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> INVENTION SUBMISSION CORPORATION et al., <br><br> Defendants. | 2:18-CV-01022-CB-PLD |

## **MEMORANDUM OPINION**

Defendants Invention Submission Corporation d/b/a InventHelp ("InventHelp"), Western Invention Submission Corporation d/b/a Western InventHelp ("Western InventHelp"), Technosystems Consolidated Corporation, Technosystems Service Corporation, Universal Payment Corporation, Intromark Incorporated (Intromark) and Robert J. Susa (the president of these companies) (collectively referred to as the "InventHelp Defendants") have filed a Motion for Sanctions (ECF No. 75) in which they seek an order compelling Plaintiffs' counsel to remove from the website "inventhelpclaims.com" certain language and links to appearances by Plaintiffs' counsel in various news media, as well as the imposition of the fees and costs associated with preparing and filing this motion.

Because the Court finds that sanctions are not appropriate under the circumstances presented here, Defendants' Motion will be denied.

## I. Relevant Factual Background

Plaintiffs Etta Calhoun, Sherry Porter and Cynthia Gray, on their own behalf and on behalf of all others similarly situated, allege in their Second Amended Complaint that the InventHelp Defendants, while purporting to act as invention promoters and patent attorneys, are engaged in a deceptive and fraudulent invention promotion scam that has bilked them and thousands of other aspiring inventors and entrepreneurs out of millions of dollars for services that the defendants do not provide and never intend to provide.

It is undisputed that Plaintiff's counsel, the Oxman Law Group, maintains a website, "inventhelpclaims.com," (the "Website") which they characterize as a website "seeking to obtain clients and/or information relating to this lawsuit." (ECF No. 86 at 2). It is similarly uncontested that Ms. Plitt, counsel for Plaintiffs, has appeared in several news media reports regarding the instant lawsuit.

The Website includes a page entitled "Invent Help Scam Lawsuit" which sets forth various information and statements. (ECF No. 76, Ex. A). Separate pages on the Website include links to various media stories, including a story broadcast on November 25, 2019 on the KDKA television station, a CBS affiliate in Pittsburgh, Pennsylvania. (ECF No. 86 at 2). There is a brief interview of Ms. Plitt as part of this broadcast.

The InventHelp Defendants contend that the Website page titled "Invent Help Scam Lawsuit" embellishes various allegations in the lawsuit and interjects "damaging hyperbole and editorial." (ECF No. 76 at 2). They highlight several statements on this page:

- "InventHelp has neither the desire nor infrastructure to actually help inventors."
- "These are lies—there are no such 'specials'. . ."

2

- "These are all shams. After getting what it wants InventHelp disappears without a trace."
- "Universal Payment Corporation is neither independent nor legitimate—it is an integral part of InventHelp's scheme to defraud consumers…"

Further, the InventHelp Defendants assert that in Ms. Plitt's KDKA interview, she stated that their business model is "fraud, pure and simple from start to finish. False promises, false companies, false licensing agreements. Everything about it is fraudulent." (*Id.* at 1-2).[1]

According to the InventHelp Defendants, these statements violate Rule 3.6 of the Pennsylvania Rules of Professional Conduct. Plaintiffs disagree that their statements are improper in any way and contend that they represent protected speech because these statements recite their allegations and claims.

The parties engaged in multiple efforts to meet and confer regarding this issue but were unable to resolve the concerns expressed by InventHelp. The InventHelp Defendant's motion for sanctions followed.

## II. Standard of Review

The InventHelp Defendants rely upon Rule 3.6 of the Pennsylvania Rules of Professional Conduct in support of their motion for sanctions. Rule 3.6 provides, in relevant part, that:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
>
> (b) Notwithstanding paragraph (a), a lawyer may state:
> (1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;

---

[1] The full quotation is "I would say is this fraud, pure and simple from start to finish. False promises, false companies, false licensing agreements. Everything about it is fraudulent."

3

> (2) information contained in a public record;
> (3) that an investigation of the matter is in progress;
> (4) the scheduling or result of any step in litigation;
> (5) a request for assistance in obtaining evidence and information necessary thereto;
> (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest…

The Court's Local Rules adopt the Pennsylvania Rules of Professional Conduct and provide that acts or omissions by attorneys admitted to practice before the Court that violate these rules shall constitute misconduct and be grounds for discipline. Local Rule 83.3A.

In resolving Defendants' motion, given their request that certain statements made by Plaintiffs' counsel be removed from public view, the Court must also balance counsel's right to free speech with the Court's interest in a fair and impartial judicial proceeding. *See United States v. Scarfo*, 262 F.3d 80 (3d Cir. 2001). As noted in *Constand v. Cosby*, 229 F.R.D. 472 (E.D. Pa. 2005):

> [L]imiting speech by parties and witnesses, particularly in a civil case and this early in the proceeding, is not to be likely undertaken. Neither should the Court undertake to limit counsels' extrajudicial statements without great care. Rather, the Court must be convinced, not merely suspect, that there is a substantial likelihood that extrajudicial statements by counsel, in light of the circumstances of the case, will materially prejudice the pending proceedings. The Supreme Court has held that this " 'substantial likelihood of material prejudice' standard constitutes a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials.

*Id.* at 475 (quoting *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1075 (1991) (other citations omitted).

### III. Discussion

<u>The "InventHelp Scam Lawsuit" Link on the Website</u>

4

The InventHelp Defendants assert that various statements on the "InventHelp Scam Lawsuit" page go beyond restating the allegations of the Second Amended Complaint or directing the public to the record. Instead, they contend, the statements improperly represent the conclusions, summaries and analyses of Plaintiffs' counsel and created a likelihood of material prejudice to this litigation.

Citing to the Second Amended Complaint, Plaintiffs argue that the Website statements mirror various allegations in that pleading and are sometimes prefaced by phrases such as "the lawsuit alleges" or the "lawsuit points out." Thus, Plaintiffs represent that these statements are protected speech pursuant to Rule 3.6(b)(1) and (2) (*citing Coleman-Hill v. Governor Mifflin School Dist.*, 2010 WL 5014352 (E.D. Pa. 2010)). (ECF No. 86 at 5).

As noted in the comments to Rule 3.6, it is difficult to strike a balance between protecting the right to a fair trial and safeguarding the right to free expression. Rules of Prof'l Conduct, R. 3.6, Pa. C.S., cmt. 1 (Supp. 2005). "The Rule sets forth a basic general prohibition against a lawyer's making statements that the lawyer knows or should know will have a substantial likelihood of materially prejudicing an adjudicative proceeding." *Id.* cmt. 3.

The Court does not agree that the statements in the Website must be removed. The heading of the Webpage explicitly states that the topic is the instant lawsuit. As such, the reader is informed that the content that follows relates to that lawsuit. It is not necessary that every sentence must be a verbatim allegation from the Second Amended Complaint or include prefatory language confirming that the information conveyed is a claim in the lawsuit. The Court also disagrees that the summary of various allegations is materially different than the content of the pleading itself. Moreover, this information is already in the public record by virtue of the commencement of this action and the availability of the Second Amended Complaint and other pleadings on the docket.

The InventHelp Defendants argue that these statements create a likelihood of material prejudice in the on-going litigation. The Court disagrees. This case is at an early stage: a motion to dismiss the Second Amended Complaint is pending at this time, discovery has not yet commenced, and no trial date is scheduled, let alone on the horizon. Given what is available in the public domain, InventHelp has failed to demonstrate that it has sustained substantial prejudice based upon the content of this page of the Website. Simply put, there is no current basis to conclude that this information has a "substantial likelihood of materially prejudicing an adjudicative proceeding in the matter" as required in order to implicate Rule 3.6.

The KDKA Interview

The Court has reviewed the KDKA news story in its entirety. It mentions the lawsuit at the outset, displays and reviews some of the allegations of the Second Amended Complaint and includes a written statement from InventHelp. It also includes Ms. Plitt's statement regarding fraud.

Reviewing these statements against the backdrop of the underlying theme of the KDKA report (the existence of the lawsuit), the fact that the KDKA story is readily accessible via the Internet, the current status of this litigation, the information that is publicly available, and the allegations of fraud in the Second Amended Complaint, the Court concludes that Ms. Plitt's statements have not created a substantial likelihood of materially prejudicing this action. Therefore, she has not violated Rule 3.6 and no sanctions are warranted. *See* Rule 3.6(2). The Court anticipates that all counsel will comply with the Pennsylvania Rules of Professional Conduct throughout the course of this action.

For these reasons, the InventHelp Defendants' Motion for Sanctions is **DENIED.**[2] An appropriate Order follows.

February 10, 2020

BY THE COURT:

/s/ Patricia L. Dodge

PATRICIA L. DODGE
United States Magistrate Judge

---

[2] Plaintiffs' request in their Memorandum of Law in Opposition for leave to file an application for fees and expenses is also denied. Plaintiffs have not demonstrated that Defendants' Motion for Sanctions was unreasonable or filed in bad faith.