IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated, | No. 2:18-cv-01022 |
| Plaintiffs, | Judge Cathy Bissoon |
| v. | Magistrate Judge Patricia L. Dodge |
| Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10, | |
| Defendants. | |
| **This Document Also Relates To:** *Carla Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396  *Geta Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-681 | |

## *AUSTIN* PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO APPOINT SHANON J. CARSON AND PETER R. KAHANA OF <u>BERGER MONTAGUE PC AS INTERIM LEAD CLASS COUNSEL</u>

Shanon J. Carson and Peter R. Kahana of Berger Montague PC ("BMPC") are eminently qualified to serve as Interim Lead Class Counsel. They are experienced class action practitioners who demonstrate all the qualifications required by FED. R. CIV. P. 23(g) as shown in their opening brief. Ms. Plitt continues her *ad hominem* attacks and false statements, and she has ignored the Court's instruction on July 8, 2020 not to concentrate on the parties' confidential mediation or act

unprofessionally. Without a shred of evidence, and relying repeatedly on her own speculation, Ms. Plitt repeats her conspiracy theory about a  Ms. Plitt's conduct and refusal to heed the Court's instructions show that she is unqualified to serve as class counsel under FED. R. CIV. P. 23(g) in this or any other case.

Additionally, Ms. Plitt admits she has no class action experience (a fact that has been evident *in all phases of this case*). She belatedly sought to involve Kirby McInerney ("KM"), and now is trying to find yet another newcomer firm with whom to partner to shore up her deficits. This would be extremely inefficient and would cost the putative class more than appointing BMPC who already has in depth knowledge about, and experience in litigating, the case.

Ms. Plitt's allegations about the *Austin* Complaint are inaccurate (it is neither a negligence suit nor one seeking injunctive relief). Further, the strategic reasons supporting the *Austin* Plaintiffs' decisions about who to sue and on what basis are not germane to the question of appointment. Nor is the fact that Ms. Plitt filed first.[1] Unquestionably, the putative class is best served by the interim appointment of BMPC as Class Counsel.

---

[1] *See In re HSBC Bank USA, N.A.*, *Debit Card Overdraft Fee Litig.*, No. 12-CV-5696 ADS AKT, 2013 WL 3816597, at *1 (E.D.N.Y. July 22, 2013) (appointing attorneys from second and third filed cases as interim class counsel and finding the issues raised regarding ethical behavior were "premature and more appropriately reserved for the class certification stage."); *Lowery v. Spotify USA Inc.,* No. CV1509929BRORAOX, 2016 WL 6818756, at *1 (C.D. Cal. May 23, 2016) (declining to appoint as lead class counsel an attorney that had "never served on an executive committee, steering committee, or any facet of a leadership structure of a complex class action" and further declining to appoint a firm whose class action experience was on the Defendant's side); *Cadena v. Am. Honda Motor Co.*, No. CV 20-511-MWF (PJWX), 2020 WL 3107798, at *5 (C.D. Cal. June 9, 2020) (appointing counsel best able to represent the interests of the class – not the attorney group that filed first).

I.  **Ms. Plitt's Allegations Are False**

As evidenced by the fact that Berger Montague – at a mediation Ms. Plitt decided not to attend (showing her inadequacy) – rejected InventHelp's settlement offers as insufficient, there was no collusive mediation process with InventHelp. *Calhoun* Opp. at 2. Ms. Plitt appears not to appreciate the irony here. Her assertions that BMPC does not have the class's best interests at heart or was a "compliant" settlement participant are obviously false given this fact, not to mention the distinguished and well-documented careers of the undersigned counsel to which Ms. Plitt ascribes no respect (and the same for Judge Welsh (Ret.)). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Against this backdrop, not to mention BMPC's repeated entreaties to work cooperatively with Ms. Plitt and her co-counsel (previously detailed to the Court), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ Much time has been wasted (which does not serve the interests of the putative

---

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

class members) and BMPC reserves its rights with regard to remedies it may still elect to pursue to redress Ms. Plitt's unsubstantiated allegations. A close examination of Ms. Plitt's filing shows that it is the workings of a conspiracist: "*It is curious that…*"; "what *seemed to be* a pre-arranged joint statement"; "*did not appear* to have known"; "*apparently* [BMPC and InventHelp] worked out a deal beforehand"; "it *seemed* very odd …" Declaration of Julie Plitt ("Plitt Decl.") ¶¶ 25,17,49, 57, 62. By presenting papers to a court, attorneys have duties to ensure they are not presented for an improper purpose and that factual allegations have evidentiary support. FED. R. CIV. P. 11.³ Speculation is not evidence and should not be utilized to baselessly smear opposing counsel. Ms. Plitt's allegations are ground in nothing. There was no byzantine scheme between *Austin* counsel, K&L Gates and Judge Welsh. Since filing *Austin*, the undersigned have vigorously represented Plaintiffs and the putative class. The Court need only review BMPC's stellar record of obtaining superior and Court-approved recoveries for the classes it has represented, and the undersigned counsel's tenacious advocacy for their clients. *See infra*.

██████████████████████████████████████████████

████████████ Dell'Angelo Decl. ¶ 5, 6. In fact, demonstrating their leadership, Mr. Carson and fellow BMPC Shareholder Michael Dell'Angelo reached out to KM to open the line of communication between BMPC and Oxman Law and to discuss the best way to obtain the most

---

³ Ms. Plitt also repeats her allegations regarding the classaction.org website to which the *Austin* Plaintiffs previously responded. *See* 23(g) Mot. At 16-17; *Austin* Plaintiffs Opp. to Motion to Reschedule, *Calhoun* ECF No. 126 at 11-12. Ms. Plitt's threatened motion for sanctions is similarly frivolous and unsupported.

⁴ ████████████████████████████████████████████████████████

favorable result for the putative class and avoid wasteful litigation between plaintiffs' firms to present a unified approach against InventHelp. *Id*.at ¶ 3. Nothing more and nothing less. █

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

However, Ms. Plitt (without consulting her own co-counsel, *see* Carson Decl.), reneged in her agreement to postpone the Rule 16 conference and filed her motion to reschedule it, and after that, KM was out of the picture.

## II.     BMPC Has Superior Qualifications To Serve As Interim Lead Class Counsel

Mr. Carson and Mr. Kahana have the requisite skills and experience to shepherd the consolidated InventHelp litigation through discovery and class certification without the need for additional counsel. They have demonstrated their willingness to work cooperatively on behalf of the putative class, with opposing counsel and with other plaintiffs' counsel. Messrs. Carson and Kahana have successfully led many class actions to favorable outcomes, and Mr. Carson has been involved in many such cases in this Court. Carson Decl. ¶ 40. They spent substantial time investigating these claims. Trask Decl. ¶ 3. BMPC drafted a strong class action complaint designed to withstand challenges to class certification. *See* 23(g) Mot. at 14.

In contrast, Ms. Plitt does not satisfy the requirements of Rule 23(g). Her primary strategy has been to engage in speculation to try and discredit honorable Officers of this Court and a former U.S. Magistrate Judge, and her strategy and approach is not what the putative class needs. Ms. Plitt has also (a) unnecessarily filed three cases asserting similar allegations against InventHelp; (b) inefficiently pursued the *Calhoun* claims (taking two years to get to a Rule 16 conference while the *Austin* matter took eight months); (c) failed to respond to the *Austin* Plaintiff's substantive arguments regarding her lack of qualifications; and (d) failed to address that she used an used a

false alias and mispresented herself to third parties in the course of this case, effectively admitting the conduct. None of this is the mark of class counsel. Mr. Carson and Mr. Kahana are best able to serve as Interim Lead Class Counsel and should be appointed.

Dated: July 21, 2020                                       Respectfully submitted,

*/s/ Shanon J. Carson*
Shanon J. Carson
Peter R. Kahana
Amanda R. Trask
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
pkahana@bm.net
atrask@bm.net

*Counsel for the Austin Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2020, I, Shanon J. Carson, served the foregoing *Austin Plaintiffs' Reply Brief in Support of Their Motion to Appoint Shanon J. Carson and Peter R. Kahana of Berger Montague PC as Interim Lead Class Counsel* via ECF on all counsel of record.

*/s/ Shanon J. Carson*
Shanon J. Carson