IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10, <br><br> Defendants. | No. 2:18-cv-01022 <br><br> Judge Cathy Bissoon <br><br> Magistrate Judge Patricia L. Dodge |
| **This Document Also Relates To:** <br><br> *Carla Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396 <br><br> *Geta Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-681 | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) and *In re Avandia Mktg., Sales Practices & Prod. Lab. Litig.*, 924 F.3d 662, 671-72 (3d Cir. 2019), good cause exists for the entry of a narrowly-tailored Order pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), the United States District Court of the Western District of Pennsylvania Local Rules of Court, and the consent of the parties;

WHEREAS, Plaintiffs and Defendants in the Consolidated Actions[1] (collectively, the "Parties") stipulate, through their undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to the terms and entry of the following Protective Order (the "Protective Order") for the handling of discovery material that may be subject to treatment as confidential under applicable law;

WHEREAS, the Court has reviewed the terms of the Protective Order;

WHEREAS, the Court having found good cause exists for issuance of the Protective Order;

NOW, THEREFORE, the Court hereby ORDERS as follows:

1. This Protective Order is necessary to protect legitimate interests with respect to personal, confidential, proprietary, or trade secret information; to protect from public disclosure confidential documents produced in the Consolidated Actions; to establish a procedure for disclosing such information to the Parties in the Consolidated Actions; to impose obligations on persons receiving such information to protect it from unauthorized use or disclosure; and to establish a procedure for challenging confidentiality designations.

2. Any party to the Consolidated Actions and any third-party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that the party or third-party believes in good faith is not publicly available or otherwise generally known to others and that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business

---

[1] "Consolidated Actions" refers to *Calhoun, et al. v. Invention Submission Corp*, No. 2:18-cv-01022 (W.D. Pa.), *Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396 (W.D. Pa.) and *Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-681 (W.D. Pa). These actions were consolidated on July 15, 2020 for discovery and other pretrial proceedings only (*Calhoun*, Dkt. No.148), and on September 10, 2020, member cases 19-cv-01396 ("*Austin*") and 20-cv-681 ("*Miclaus*") were administratively closed for the duration of the consolidation (*Austin*, Dkt. No. 56; *Miclaus*, Dkt. No. 44).

information; (b) contains information implicating an individual's legitimate expectation of privacy; or (c) contains information that is required by law or agreement to be kept confidential. Any party to the Consolidated Actions or any third-party covered by this Protective Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any party to the Consolidated Actions and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that the party or third-party believes in good faith is so highly sensitive or private that the disclosure of such information is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to the Consolidated Actions or any third-party who is covered by this Protective Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4. Any party or third-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5. Any material produced in the Consolidated Actions and designated Confidential or Attorneys' Eyes Only shall be used by the receiving party solely for purposes of the

3

prosecution or defense of the Consolidated Actions, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 6 and 7 below, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court.

6. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel herein defined as any attorney at the Parties' outside law firms;

(b) Outside experts or consultants retained by outside counsel for purposes of the Consolidated Actions, provided they have signed the Agreement to Be Bound attached hereto as Exhibit A and subject to the provisions and limitations in Paragraph 8 below;

(c) Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any witness who authored or received a copy of the Confidential material, was involved in the subject matter described therein, is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure (and the Parties agree that such consent shall not be unreasonably withheld);

(f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The Parties. In the case of Parties that are corporations or other business entities, "party" shall mean officers, directors and employees.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel;

(b) Outside experts or consultants retained by outside counsel for purposes of the Consolidated Actions, provided they have signed the Agreement to Be Bound attached hereto as Exhibit A and subject to the provisions and limitations in Paragraph 8 below;

(c) Secretarial, paralegal, clerical, duplicating, and data processing personnel of outside counsel;

(d) The Court and court personnel;

(e) Any witness who authored or received a copy of the Attorneys' Eyes Only Material, or if the producing party consents to such disclosure (and the Parties agree that such consent shall not be unreasonably withheld); and

(f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

8. Before a receiving party may disclose, directly or indirectly, any Confidential or Attorneys' Eyes Only material to outside experts or consultants, the receiving party shall give written notice to the designating party confirming that the expert or consultant to whom the receiving party may disclose Confidential or Attorneys' Eyes Only Material is not currently

employed by or rendering services to Defendants or any competitor of Defendants that provides invention promotion services, and has not been employed by or rendered services to Defendants or any competitor of Defendants that provides invention promotion services within the last four years.

9. Confidential or Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6 and 7. Confidential and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

10. With respect to any depositions that may involve a disclosure of Confidential material of a party to the Consolidated Actions, the Parties shall have until thirty (30) days after receipt of the deposition transcript to inform all other Parties if they believe that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties only. The deposition transcript shall be treated by all Parties as Confidential during these thirty (30) days, and no individual attending such a deposition or receiving the transcript shall disclose the contents of the deposition to any individual other than those described in Paragraph 6 above during said thirty (30) days. If a party wishes to have a transcript, or portion thereof, treated as Attorneys' Eyes Only, they must so designate on the record.

Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, whether on the record or within the 30-day designation period, all Parties shall immediately treat such information accordingly, including by causing each copy of the transcript in its custody or control to be appropriately marked and to limit disclosure of that transcript in accordance with Paragraphs 6 and 7.

With respect to any depositions that may involve a disclosure of Attorneys' Eyes Only material in particular, the designating party may request that individuals not permitted access to such information pursuant to Paragraph 7 leave the deposition while such material is being discussed.

11. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Within thirty (30) days of receipt of material as to which the party objects to a designation, counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third-party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to have been withdrawn by the designating party or third-party. If the designating party or third-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court in accordance with the Court's practices and procedures. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.2(H).

13. Nothing in this Protective Order shall be construed to restrict or limit the use by the Parties of material designated Confidential or Attorneys' Eyes Only at any hearing or trial. Prior to any hearing or trial at which the use of such material is anticipated, the Parties shall meet and confer regarding the use of such material. If the Parties cannot agree, then they shall promptly request the Court to rule on the appropriate procedures.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Protective Order.

15. In accordance with Fed. R. Evid. 502(d), the disclosure of Discovery Material protected by the attorney-client privilege or work product doctrine ("Protected Discovery Material") does not constitute a waiver in the Consolidated Actions, or in any other federal or state proceeding, unless a party or third-party intentionally waives protections by disclosing Protected Discovery Material to an adverse party as provided in Fed. R. Evid. 502(a).

If at any time prior to trial, a party or third-party discovers that it has inadvertently

produced or disclosed Protected Discovery Material, it shall, promptly and in writing or on the record at a deposition or court hearing, notify the receiving party of the inadvertent disclosure. Upon notice of a claim of inadvertent disclosure, the receiving party shall return, sequester, delete or destroy all copies of the Protected Discovery Material identified in the notice and, within fourteen (14) days after receiving notice, provide a written representation to the producing party that all such information was returned, sequestered, deleted, or destroyed. If the receiving party has disclosed the Protected Discovery Material to others prior to receiving the notice, it shall promptly notify the producing party and take reasonable steps to retrieve the information.

Within fourteen (14) days after notification from the receiving party that the Protected Discovery Material has been returned, sequestered, deleted or destroyed, the producing party shall produce a privilege log identifying the Protected Discovery Material in the format agreed-upon by the Parties.

Protected Discovery Material expressly referenced, attached or quoted from by any party during the Consolidated Actions in a deposition, hearing, expert report, or court filing (a "Used Document") shall not be eligible for clawback pursuant to Fed. R. Evid. 502(d) if the producing party does not provide notice of such clawback within: (a) seven (7) days of its use in a deposition or hearing; or (b) fourteen (14) days of its use in an expert report or court filing. The Parties otherwise reserve their rights under Fed. R. Evid. 502(b) with respect to the Used Document.

If a receiving party disputes that the disclosed Protected Discovery Material is entitled to privileged or protected treatment, the receiving party may move the Court for an Order compelling production of the documents or information. Such motion shall not assert as a grounds for entering an Order compelling production the fact or circumstances of the inadvertent

9

production. If necessary for the Protected Discovery Material to be submitted with or referenced in such motion, the moving party shall request to seal or redact such documents in accordance with Local Civil Rule 5.2(H).

The party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any disclosed Protected Discovery Material. Nothing in this paragraph shall limit the right of any party or third-party to petition the Court for an *in camera* review of the disclosed Protected Discovery Material.

Notwithstanding the other paragraphs in this Section, the Parties reserve their rights to petition the Court for a modification of this Protective Order or other appropriate relief in the event that a producing party has engaged in an unreasonable use of the clawback procedure, including clawing back documents at unreasonable points in time, at an unreasonable frequency, in an unreasonable volume, or using the procedure for an improper purpose.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Protective Order.

17. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of the Consolidated Actions and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

19. If a party in possession of material designated by another party or third-party as Confidential or Attorneys' Eyes Only is served with a subpoena or a court order or other lawful process that would compel disclosure of any such material, the receiving party must so notify the designating party, in writing promptly and in no event more than ten days after receiving the subpoena, order, or process. Such notification must include a copy of the subpoena, order, or process. Within ten (10) days of receipt of such notification, the designating party shall inform the party subpoenaed either that it does not object to production of the material, or that it will seek court protection to prevent such production. If the designating party responds that it will seek court protection, then the subpoenaed party may not produce the material designated Confidential or Attorneys' Eyes Only unless a court denies such protection or the designating party fails to move or otherwise petition the court for such protection within thirty days. If the designating party does not respond to the notification, the receiving party is entitled to produce the designated materials.

20. Within sixty days after final resolution of the Consolidated Actions, all materials properly designated as Confidential or Attorneys' Eyes Only shall be returned to counsel for the producing party or, alternatively, shall be destroyed. In addition, the Parties shall destroy the portions of any materials that contain or reflect any references to, or mention of, material properly designated as Confidential or Attorneys' Eyes Only. At the conclusion of the 60-day period, each receiving party shall certify, in writing, that all materials properly designated as Confidential or Attorneys' Eyes Only have been returned to counsel for the producing party or

have been destroyed. Notwithstanding the foregoing, outside counsel shall be entitled to retain all pleadings, motions, briefs, discovery responses, affidavits, other papers filed with the Court, deposition transcripts and the trial record.

Dated: October 2, 2020

/s/ Peter R. Kahana
Shanon J. Carson
Peter R. Kahana
Amanda R Trask
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
pkahana@bm.net
atrask@bm.net

*Interim Lead Class Counsel for the Consolidated Cases*

Respectfully submitted,

/s/ David J. Garraux
Christopher M. Verdini
David J. Garraux
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA, 15222-2613
Tel: (412)-355-6500
Fax: (412)355-6501
christopher.verdini@klgates.com
david.garraux@klgates.com

Jennifer Janeira Nagle
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel: (617) 261-3100
jennifer.nagle@klgates.com

*Attorneys for InventHelp Defendants*

/s/ Frank H. Stoy
Frank H. Stoy
James W. Kraus
Pietragallo Gordon Alfano
Bosick & Raspanti LLP
301 Grant Street, 38th Floor
One Oxford Centre
Pittsburgh, PA 15219
Tel: (412) 263-4397
Fax: (412) 263-2001
fhs@pietragallo.com
jwk@pietragallo.com

*Attorneys for Frost Defendants*

...

**SO ORDERED** this __5th__ day of ___October___, 2020.

_____
Patricia L. Dodge
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated,<br><br>                   Plaintiffs,<br>v.<br><br>Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10,<br><br>                   Defendants. | No. 2:18-cv-01022<br><br>Judge Cathy Bissoon<br><br>Magistrate Judge Patricia L. Dodge |
| **This Document Also Relates To:**<br><br>*Carla Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396<br><br>*Geta Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-681 | |

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

      I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Pennsylvania on [date] in the above-captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the

14

nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Consolidated Actions.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____