# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Geta Miclaus and Vim and Kevin Byrne, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br> v. <br> Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10, <br> Defendants. | No. 2:20-cv-681 <br><br> Judge Cathy Bissoon <br><br> Magistrate Judge Patricia L. Dodge |
| **This Document Also Relates To:** <br> *Etta Calhoun, et al. v. Invention Submission Corporation, et al.*, No. 2:18-cv-01022 <br> *Carla Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396 | |

## MEMORANDUM OF LAW IN SUPPORT OF INVENTHELP DEFENDANTS' PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFFS' COMPLAINT UNDER RULE 12(b)(6)

**K&L GATES LLP**
Christopher M. Verdini
David J. Garraux
210 Sixth Avenue
Pittsburgh, PA 15222-2613
(412) 355-6500

Jennifer Janeira Nagle
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel: (617) 951-9197

*Counsel for Defendants Invention Submission Corporation d/b/a InventHelp, Technosystems Service Corporation, Technosystems Consolidated Corporation, Western Invention Submission Corporation d/b/a Western InventHelp, Intromark Incorporated, and Robert J. Susa*

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................................1

FACTUAL BACKGROUND ............................................................................................................2

MOTION TO DISMISS STANDARD ..............................................................................................4

ARGUMENT .....................................................................................................................................6

CONCLUSION ..................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 4

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ............................................................................................. 4, 5

*Bush v. Wexford Health Prof. Servs.*,
    No. 13-1576, 2014 WL 295067 (W.D. Pa. Jan. 23, 2014) ..................................................... 4

*Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*,
    768 F.3d 284 (3d Cir. 2014) ................................................................................................... 4

*Kyko Global, Inc. v. Prithvi Info. Sol., Ltd.*,
    No. 2:18-cv-01290-WSS, 2020 WL 1159439 (W.D. Pa. Mar. 10, 2020) .............................. 5

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) ................................................................................................. 5

*Royal Mile Co. v. UPMC*,
    No. 10-1609, 2013 WL 5436925 (W.D. Pa. Sept. 27, 2013) ................................................. 5

*Santana v. A.L. Recovery, LLC*,
    No. 18-16, 2018 WL 3912830 (W.D. Pa. Aug. 16, 2018) ..................................................... 5

*Wade v. Coleman*,
    No. 14-073, 2014 WL 5361720 (W.D. Pa. Oct. 21, 2014) .................................................... 4

**Statutes**

35 U.S.C. § 297(a) ....................................................................................................................... 6, 7

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 4

**INTRODUCTION**

Plaintiffs' counsel, Oxman Law Group, PLLC, filed the instant action with the hope of salvaging a legally deficient claim under the American Inventors Protection Act ("AIPA") that this Court previously dismissed in the *Calhoun, et al. v. Invention Submission Corporation, et al.* action, No. 2:18-cv-01022, also filed by Oxman Law Group.[1]  Count I of the Complaint — the subject of this partial motion to dismiss — is largely a verbatim copy of Count I of the *Calhoun* Second Amended Complaint, which the Court dismissed as time-barred in its January 16, 2020 order.  [*See Calhoun*, D.E. No. 78].  While Plaintiffs here do not suffer from the same statute of limitations deficiency that was fatal to the claim in *Calhoun*, the omission allegation in Count I fails nonetheless because it is facially implausible under the AIPA.

Count I covers what the Court previously branded as an "AIPA Omission Claim," meaning a claim that the InventHelp Defendants[2] violated the AIPA by failing to provide disclosures required by the statute.[3]  While Plaintiffs make the conclusory assertion that the InventHelp Defendants failed to provide certain disclosures required under the AIPA, Plaintiffs nevertheless repeatedly admit throughout the Complaint that the required disclosures *were* provided to them. Indeed, Plaintiffs expressly reference the disclosures at least 12 times throughout the Complaint.

---

[1] The instant action, *Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-00681, is now consolidated for discovery purposes with *Calhoun, et al. v. Invention Submission Corporation*, No. 2:18-cv-01022 and *Austin, et al. v. Invention Submission Corporation*, No. 2:18-cv-01022 at Docket No. 2:19-cv-01396.  The *Miclaus* action was filed by Oxman Law Group, PLLC prior to the Court's appointment of Berger Montague as interim lead class counsel.

[2] The "InventHelp Defendants" refers to Defendants Invention Submission Corporation d/b/a InventHelp ("InventHelp"), Western Invention Submission Corporation d/b/a Western InventHelp ("Western InventHelp"), Intromark Incorporated, Universal Payment Corporation, Technosystems Services Corporation, Technosystems Consolidated Corporation, and Robert J. Susa, collectively.

[3] As distinguished from an "AIPA Misrepresentation Claim," which claims have survived the pleadings stage in *Calhoun* and relate to Plaintiffs' allegations that the InventHelp Defendants provided disclosures that were inaccurate or deceiving.  [*See Calhoun*, D.E. No. 78 at 21, 24].

1

And though Plaintiffs conspicuously did not attach those disclosures to their Complaint, they were provided to Plaintiffs, are attached hereto, and can now be considered by the Court as integral to Plaintiffs' alleged claims.  A simple review of the attached disclosures proves fatal to Plaintiffs' AIPA Omission Claim and, thus, the Omission Claim within Count I of the Complaint should be dismissed with prejudice.[4]

## FACTUAL BACKGROUND

In the interest of brevity, the InventHelp Defendants recite only those factual allegations relevant to this partial motion to dismiss, as the Court is already well-familiar with the remainder of the claims, which are duplicative of those alleged in the *Calhoun* and *Austin* matters.

InventHelp and Western InventHelp provide invention submission services to individuals who have created an invention, product, or idea that they would like to submit to industry for purposes of obtaining a good-faith review.[5]  [*See* D.E. 1 at ¶¶ 17, 81, 102].  Prior to signing a contract with either company, prospective clients receive written disclosures mandated by the AIPA.  [D.E. 1 at ¶¶ 82, 142].

Here, Plaintiffs Geta Miclaus and the Byrnes each received the AIPA-required disclosures, which are entitled "Disclosures Prior to Entering Into a Contract for Invention Promotion Services" (the "AIPA Disclosure" or "AIPA Disclosures").  [*See* D.E. 1 at ¶¶ 82, 142].  Plaintiffs' AIPA Disclosures are attached hereto as Exhibits A and B,[6] respectively, and contain substantially the

---

[4] The remainder of the *Miclaus* claims, including the AIPA misrepresentation claim within Count I, are subsumed by the consolidated actions; the InventHelp Defendants expect all of the actions to proceed in a coordinated, efficient, and sensible manner.
[5] InventHelp and Western InventHelp offer the same products and services, but operate in different states.
[6] As set forth below, the Court can consider these documents because they are repeatedly referenced in the Complaint, the Plaintiffs relied on them in preparing the Complaint, and they are therefore integral to the Complaint.  *See* Motion to Dismiss Standard, *infra.*

same information. Ms. Miclaus' AIPA Disclosure provides in relevant part:

1. The total number of inventions evaluated by InventHelp® for commercial potential in the past 5 years is 0. InventHelp® does not attempt to evaluate inventions and accepts most inventions for its services. Therefore, no inventions received positive evaluations from InventHelp®, and no inventions received negative evaluations from InventHelp®.

    We do not evaluate inventions or new products because we do not believe our opinion or anyone else's opinion of the possible acceptability of an idea is any more than just that--an opinion. We cannot make any correlation between that opinion and predictable acceptance by the marketplace. Please see our Basic Information Package Brochure for more information.

2. The total number of customers who have contracted with InventHelp® in the past 5 years is 10,323.

3. The total number of customers to have received a net financial profit as a direct result of invention promotion services provided by InventHelp® is unknown. However, the total number of clients known to have received more money than they paid InventHelp® for submission services as a direct result of these services is 45.

4. The total number of customers known by InventHelp® to have received license agreements for their inventions as a direct result of InventHelp® services is 236.

5. InventHelp®/Western InventHelp® do not negotiate or execute contracts for the sale or licensing of new ideas, inventions or products. The figures in 3. and 4. above include the services of Intromark Incorporated.

6. There are no previous invention promotion companies with which InventHelp® or its officers have collectively or individually been affiliated in the previous 10 years. InventHelp® and Western InventHelp® are registered names of Invention Submission Corporation and Western Invention Submission Corporation. InventHelp® and Western InventHelp® are affiliated with Intromark Incorporated which attempts to market inventions where substantial interest has been expressed. Their parent company is Technosystems Consolidated Corporation. The address of these companies is 217 Ninth Street, Pittsburgh, PA 15222-3506.

*See* Ex. A; *see also* Ex. B (substantially similar content, with different numerical figures based on the date of the disclosures). In addition to the AIPA Disclosures, each Plaintiff received and signed a document entitled "Affirmative Disclosure Statement,"[7] which is presented to each client upon

---

[7] The Affirmative Disclosure Statements are provided as part of a settlement reached in the early

3

their first contact with InventHelp or Western InventHelp.[8] [*See* D.E. 1 at 82].

Distinct from any disclosure obligations under the AIPA (given prior to contracting with either InventHelp or Western InventHelp) and the Affirmative Disclosure Statement (given during the initial meeting with a potential customer), Western InventHelp also complies with California's Invention Development Services Contracts Act, and, in doing so, provides California customers with yet *another* set of disclosures. As conceded in the Complaint, Plaintiffs — all of whom reside in California — received these particular, "extra" disclosures as well. [D.E. 1 at ¶¶ 85, 122, 151].

## MOTION TO DISMISS STANDARD

The Court should dismiss a complaint under Rule 12(b)(6) where the plaintiff fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). While factual allegations are presumed true, "legal conclusion[s] couched as [] factual allegation[s]" are not. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) ("[A] court…need not credit a complaint's 'bald assertions' or 'legal conclusions.'"). A complaint cannot survive a motion to dismiss unless the plaintiff pleads sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 290 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 764). Although, as a general matter, a court deciding a motion to dismiss must accept as true a plaintiff's well-pled factual allegations, the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Wade v.*

---

1990s.

[8] True and accurate copies of the Plaintiffs' Affirmative Disclosure Statements are attached hereto as Exhibit C. *See* n.6, *supra.*

*Coleman*, No. 14-073, 2014 WL 5361720, at *2 (W.D. Pa. Oct. 21, 2014) (internal punctuation omitted); *Bush v. Wexford Health Prof. Servs.*, No. 13-1576, 2014 WL 295067, at *2 (W.D. Pa. Jan. 23, 2014).

Ordinarily, a court may not consider documents that are extrinsic to the complaint; however, "a court may consider attachments to [a motion to dismiss] without converting the motion into one for summary judgment as long as they are integral to the allegations in the complaint and are indisputably authentic." *Kyko Global, Inc. v. Prithvi Info. Sol., Ltd.*, No. 2:18-cv-01290-WSS, 2020 WL 1159439, at *13 (W.D. Pa. Mar. 10, 2020); *In re Burlington*, 114 F.3d at 1426 (holding that a court may consider a "document integral to or explicitly relied upon in the complaint."); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice...and has relied upon these documents in framing the complaint." *Royal Mile Co. v. UPMC*, No. 10-1609, 2013 WL 5436925, at *28, n.23 (W.D. Pa. Sept. 27, 2013) (internal quotations omitted). A document is integral to the complaint if: (1) "the plaintiff has relied upon these documents in framing the complaint" and/or (2) if the document "by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *See Santana v. A.L. Recovery, LLC*, No. 18-16, 2018 WL 3912830, at *4 (W.D. Pa. Aug. 16, 2018) (internal quotations omitted) (quoting *In re Burlington*, 114 F.3d at 1426).

Here, Plaintiffs have repeatedly referenced the AIPA Disclosures (and other disclosures) that they received throughout the Complaint. [*See, e.g.,* D.E. 1 at ¶¶ 1, 3, 68, 81-84, 142-43,

5

215(a), 228-31]. Indeed, the entirety of Count I (as related to an AIPA Omission Claim) turns on the existence or nonexistence of the AIPA Disclosures. As such, and pursuant to the noted authority, the referenced and relied upon disclosures (provided herewith at Exhibits A-C) are appropriate for review by the Court in connection with this Motion.

## ARGUMENT

Plaintiffs' AIPA Omission Claim must be dismissed because, contrary to Plaintiffs' conclusory allegation, Plaintiffs did, in fact, receive the AIPA Disclosures and they are AIPA-compliant on their face.

As a threshold matter, and although Plaintiffs assert that the InventHelp Defendants did "not provid[e] the proper disclosures to Plaintiff [sic]…prior to entering into contracts for invention promotion services," Plaintiffs go on to acknowledge that they *did receive* the AIPA Disclosures during their first meeting with the relevant InventHelp Defendant.[9] Exhibits A and B further disprove any allegation that Plaintiffs did not receive the required disclosures — they were provided, counter-signed by Plaintiffs, and are now properly before the Court. The AIPA Omission Claim within Count I accordingly cannot survive on the basis of any alleged failure to provide the requisite disclosures.

To the extent Plaintiffs are instead attempting to maintain an AIPA Omission Claim based on mandated disclosure content that they claim was missing from the AIPA Disclosures they received, such a claim similarly fails based on a simple comparison of the AIPA Disclosures themselves and the statutory disclosure requirements. Per the terms of the AIPA, 35 U.S.C. § 297(a), an invention promoter must disclose certain information to its clients "prior to entering into a contract for invention promotion services." As shown in the table below, the AIPA

---

[9] *See* D.E. 1 at ¶¶ 82, 142.

Disclosures received by Plaintiffs track the AIPA's requirements, nearly verbatim:

| AIPA Mandated Disclosure[10] | Plaintiffs' AIPA Disclosures, Exs. A and B[11] |
|---|---|
| "[T]he total number of inventions evaluated by the invention promoter for commercial potential in the past 5 years, as well as the number of those inventions that received positive evaluations, and the number of those inventions that received negative evaluations" | "The total number of inventions evaluated by InventHelp® for commercial potential in the past 5 years is 0. InventHelp® does not attempt to evaluate inventions and accepts most inventions for its services. Therefore, no inventions received positive evaluations from InventHelp®, and no inventions received negative evaluations from InventHelp®" |
| "[T]he total number of customers who have contracted with the invention promoter in the past 5 years, not including customers who have purchased trade show services, research, advertising, or other nonmarketing services from the invention promoter, or who have defaulted in their payment to the invention promoter" | "The total number of customers who have contracted with InventHelp® in the past 5 years is 10,323" |
| "[T]he total number of customers known by the invention promoter to have received a net financial profit as a direct result of the invention promotion services provided by such invention promoter" | "The total number of customers to have received a net financial profit as a direct result of invention promotion services provided by InventHelp® is unknown. However, the total number of clients known to have received more money than they paid InventHelp® for submission services as a direct result of these services is 45" |
| "[T]he total number of customers known by the invention promoter to have received license agreements for their inventions as a direct result of the invention promotion services provided by such invention promoter" | "The total number of customers known by InventHelp® to have received license agreements for their inventions as a direct result of InventHelp® services is 236. |
| "[T]he names and addresses of all previous invention promotion companies with which the invention promoter or its officers have collectively or individually been affiliated in the previous 10 years" | "There are no previous invention promotion companies with which InventHelp® or its officers have collectively or individually been affiliated in the previous 10 years. InventHelp® and Western InventHelp® are |

---

[10] 35 U.S.C. § 297(a).

[11] Although the number of specific customers in Exhibits A and B vary slightly based on the timing of the disclosures, the disclosures are substantively identical in all other respects. *Compare* Ex. A *with* Ex. B.

7

|  | registered names of Invention Submission Corporation and Western Invention Submission Corporation. InventHelp® and Western InventHelp® are affiliated with Intromark Incorporated which attempts to market inventions where substantial interest has been expressed. Their parent company is Technosystems Consolidated Corporation. The address of these companies is 217 Ninth Street, Pittsburgh, PA 15222-3506." |
|---|---|

The AIPA Disclosures received by Plaintiffs demonstrably contain the information required under the AIPA. Accordingly, Plaintiffs' allegation that the InventHelp Defendants did "not provid[e] the proper disclosures to Plaintiff [sic]…prior to entering into contracts for invention promotion services" is conclusory and implausible, and the Court must reject it. Absent any other allegations to support an AIPA Omission Claim, those averments within Count I should be dismissed with prejudice. [12]

## **CONCLUSION**

For the foregoing reasons, the InventHelp Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiffs' AIPA Omission Claim as set forth in Count I, and grant any and all other relief that this Court deems just and proper.[13]

---

[12] While Plaintiffs also seemingly challenge the substance of the disclosures [D.E. 1 at ¶¶ 6-8, 143] those allegations do not support an AIPA Omission Claim [*see Calhoun*, D.E. No. 55 at 4]. As the Court previously held, claims as to the accuracy — as opposed to the existence and content — of the disclosures are within the scope of the (already pending) AIPA Misrepresentation Claim, not an AIPA Omission Claim. [*See Calhoun*, D.E. No. 55 at 4, 8 n.7].

[13] Mindful that the parties are in early stages of the proceedings and that this action has been consolidated for discovery purposes with two other putative class actions, the InventHelp Defendants do not specifically seek to strike Plaintiffs' class allegations at this stage, despite that the class action allegations are overbroad and cannot support a certifiable class. The InventHelp Defendants reserve their right to challenge Plaintiffs' class allegations and claims at any and all future stages of the proceedings, including at class certification. Likewise, in the interests of efficiency, the InventHelp Defendants will not burden the Court with re-arguing their position as

Dated: October 30, 2020

Respectfully submitted,
/s/ David J. Garraux
David J. Garraux
Christopher M. Verdini
**K&L Gates LLP**
210 Sixth Avenue
Pittsburgh, PA, 15222-2613
Tel: (412) 355-6500
Fax: (412) 355-6501
david.garraux@klgates.com
christopher.verdini@klgates.com

Jennifer Janeira Nagle
**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel: (617) 951-9197
jennifer.nagle@klgates.com

*Counsel for Defendants Invention Submission Corporation d/b/a InventHelp, Western Invention Submission Corporation d/b/a Western InventHelp, Technosystems Consolidated Corporation, Technosystems Service Corporation, Universal Payment Corporation, Intromark Incorporated, and Robert J. Susa*

---

to claims previously permitted by the Court to move forward at this early stage in the proceedings. The InventHelp Defendants reserve all rights and arguments, however, relative to the defense of these claims.

9

## **CERTIFICATE OF SERVICE**

This is to certify that on October 30, 2020, a copy of the foregoing document was served via the Court's ECF system on the counsel of record for the parties.


*/s/ David J. Garraux*
David J. Garraux