IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETTA CALHOUN, SHERRY PORTER, CYNTHIA GRAY, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>INVENTION SUBMISSION CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 18-1022<br>Consolidated with<br>Civ. A. No. 2:19-cv-1396<br>Civ. A. No. 2:20-cv-681 |

**MEMORANDUM ORDER**

Presently pending before the Court is a discovery dispute between the parties regarding the sufficiency of the initial disclosures of Defendant Invention Submission Corporation ("ISC"). After Plaintiffs brought this dispute to the Court's attention, the parties advised the Court in writing of their respective positions and a telephone conference was held on January 11, 2021 at which the parties had the opportunity to be heard.

Plaintiffs contend that ISC's initial disclosures are deficient because it did not provide copies of certain insurance policies for Plaintiffs' inspection. Plaintiffs identify the policies at issue as those that may have been procured by certain Regional Sales Directors ("RSDs") pursuant to the terms of Independent Regional Sales Director Agreements (the "Agreement") between RSDs and ISC. In the exemplar Agreement provided by Plaintiffs, the RSD is required to maintain complete records of the business, all of which may be examined by ISC's representatives. Further, the RSD is required to obtain a comprehensive liability insurance policy, among other insurance,

and the policy shall "name and insure" both ISC and the RSD. ISC is to be provided with certificates of the insurance procured.

ISC did not provide copies to Plaintiffs of any insurance policies in which it was named as an insured that may have been procured by the RSDs. It is Plaintiffs' position that because Rule 26(a)(1)(A)(iv) requires a party to provide for inspection and copying any insurance agreement under which an insurer may be liable to satisfy all or part of a possible judgment or indemnify for payments made to satisfy the judgment, ISC must provide copies of these policies as part of its initial disclosures. Therefore, Plaintiffs seek an Order directing the InventHelp Defendants to provide all such policies in which ISC was or is named for the period of January 2015 to the present. In addition, Plaintiffs seek an extension of the current January 22, 2021 deadline to amend pleadings and join parties until thirty days after the InventHelp Defendants comply with the production of all such policies. With respect to the latter request, Plaintiffs claim that this will inform their decision about whether they need to add any of the RSDs as parties.

The InventHelp Defendants deny that ISC has any obligation to provide copies of insurance policies obtained by any RSD. They indicate that they have, in fact, provided Plaintiffs with certain policy documents provided by active RSDs associated with the named plaintiffs. They assert that these documents establish that there is no basis for a conclusion that any of the RSDs carried insurance that might satisfy a judgment in this action. Moreover, they assert that as the RSDs are not invention promoters, the only claims that could be asserted against them are fraud-based. Similarly, they contend, the allegations against the InventHelp Defendants in this case are also based on fraud. As fraud is typically not covered by general liability insurance policies, there would be no basis to conclude that an insurer who issued any of the policies may be liable to satisfy a judgment in this case. They also advise they do not possess any of the policy documents other

than those already provided to Plaintiffs and that in their estimation, there are more than sixty active RSDs.  According to the InventHelp Defendants, there are also a number of inactive RSDs over whom they have no control or relationship.

It is not disputed that Rule 26(a)(1)(A)(iv) requires a party to provide any policy that may satisfy some or all of a judgment in the action.  Contrary to the suggestion of the InventHelp Defendants, the party to whom the policy must be produced is not required to rely upon the assessment of the producing party about whether there is coverage for the claims that have been asserted. Notably, as the InventHelp Defendants do not possess the policies, they have not reviewed their terms.  Further, as they don't know the identity of the insurers, they could not have placed any insurer on notice, so a conclusive determination of the existence of coverage cannot have been made.

With respect to the issue of control, the InventHelp Defendants contend that these policies are not within its "possession, custody or control." They note that Paragraph 11(c) of the Agreement requires only that the RSDs *maintain* insurance that names ISC as an insured and provide certificates of insurance to ISC.  In turn, Plaintiffs rely on Paragraph 11(a), which requires the RSDs to maintain "complete and accurate records of the business, all of which records may be examined by ISC's representatives…"  The InventHelp Defendants contend that Paragraph 11(a) does not apply to the policies.

"Federal courts construe 'control' very broadly under Rule 34." *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991). Under Rule 34, "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL,*

3

*Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007). *See also Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (same); *Ebersole v. Kline-Perry*, 292 F.R.D. 316, 322 (E.D. Va. 2013) (control is "the legal right to obtain the document on demand."); *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988) ("control is the test with regard to the production of documents [and] is defined not only as possession, but as the legal right to obtain the documents requested on demand"); *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004) ("In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control.")

"A contractual right to obtain documents in the possession of a third party can constitute control for Rule 34 purposes." *Moretti v. Hertz Corp.*, 2018 WL 4693473, at *2 (D. Del. Sept. 30, 2018) (citations omitted) (contractual provision allowing Hertz to "inspect records" of its licensees was deemed sufficient to put those records within its control). *See also Haskins v. First Am. Title Ins. Co.*, 2012 WL 5183908, at *2 (D.N.J. Oct. 18, 2012).

The Court concludes that based upon ISC's right to examine the business records of any RSD who is or was a party to the Agreement, ISC has, or had, sufficient control of any insurance policies in which it was named, and therefore must undertake efforts to obtain copies of the policies in which ISC was named as an insured pursuant to the procedure described below.

Plaintiffs' request to extend the deadline for joinder and amendment will be denied. As Plaintiffs' arguments confirm, their primary goal is to ascertain whether any insurance coverage exists that may be available to pay all or some portion of a judgment. In the event that upon their review of any applicable insurance policy, they conclude that they have a good faith basis to join and assert claims against one or more RSDs, they may move to do so.

Therefore, this 13th day of January, 2021, it is ORDERED that ISC shall undertake reasonable efforts to obtain copies of any comprehensive liability policy maintained by any its Regional Sales Directors in which ISC is named as an insured pursuant to the terms of Paragraph 11(c) of the parties' Independent Regional Sales Director Agreement by the following process:

1. Within twenty (20) days of the date of this Order, ISC shall direct a communication to all Regional Sales Directors for whom it has contact information and who were obligated to maintain a comprehensive liability policy that names ISC as an insured at any time between January 1, 2015 and the present. The communication shall include a copy of this Order and shall include a demand that the Regional Sales Directors supply a copy of any such policy that is in their possession to ISC within ten (10) days of the communication;

2. The InventHelp Defendants shall produce to Plaintiffs any comprehensive liability policy that name ISC as an insured within ten (10) days of its receipt from a Regional Sales Director;

3. The InventHelp Defendants shall file a Status Report no later than February 26, 2021 which provides the status of their efforts to obtain any of the policies at issue.

It is further ORDERED that Plaintiffs' request for an extension of the deadlines to join parties and amend its claim is DENIED without prejudice to subsequently move to join parties and/or amend its claims.

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge
